NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KERRY SIMMONS,<br><br>                   *Plaintiff*,<br>v.<br>DISTRICT OF NORTHEAST, GREGORY DIEBOLD, and JOHN FITZGERALD, Executive Director,<br><br>                   *Defendants*. | Civil Action No. 10-2305 (KSH)<br><br>**OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

In this action, plaintiff Kerry Simmons ("Simmons") seeks $50,000 in damages from defendants Northeast New Jersey Legal Services ("NNJLS"), Gregory Diebold ("Diebold"), and John Fitzgerald ("Fitzgerald"), who represented her in state court eviction proceedings. Defendants now move to dismiss for lack of subject matter jurisdiction.

Simmons's one page complaint lists the names of the defendants and states "(1) Law Firm, (2) Insufficient Counsel, (3) Evidence That Wasn't Presented During Hearing, Call No Witnesses, (4) Sum of 50,000, (5) Unprepared." (Compl.) The defendants' moving brief provides some background[1]: Simmons was evicted on the basis of the "one-strike" provision in her lease, which authorized eviction if a tenant or a member of a tenant's household committed a drug violation while a tenant. (Moving Br. at 1.) She contested her eviction and received representation from Diebold, an attorney with NNJLS. (*Id.*) Following a bench trial in New

---

[1] This background information is not in the record and is not material to the jurisdictional question raised; therefore, the Court cannot and does not rely on it in reaching its decision. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997) (stating that a district court ruling on a motion to dismiss is "not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based"). The Court recounts the history of Simmons's eviction merely to provide context.

1

Jersey Superior Court, the court ruled that the eviction was proper.  (*Id.* (citing *Jersey City Hous. Auth. v. Simmons*, HUD-LT-10516-09, at *2 (N.J. Super. Ct. 2009)).

Simmons brought this action *pro se* against NNJLS, Diebold, and Fitzgerald, who is the Executive Director of NNJLS.  (Moving Br. at 1.)  In lieu of an answer, the defendants moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Moving Br. at 1.)  Specifically, the defendants argue that Simmons's failure to plead subject matter jurisdiction is fatal and should automatically result in dismissal of her complaint.  (Moving Br. at 1–2.)  In any event, defendants contend that the Court does not have subject matter jurisdiction over this case.  (Moving Br. at 3.)

Courts must have jurisdiction over the cases they decide.  *See Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 701–02 (1982).  To commence an action in federal court, a plaintiff must be able to point to a constitutional or congressional grant of subject matter jurisdiction for the district court to hear the case.  *Id.* at 701.  Subject matter jurisdiction cannot be waived and, as such, a court must dismiss a case that lacks it.  *Id.* at 702.

After careful review, the Court concludes that the complaint does not invoke subject matter jurisdiction.  The civil cover sheet filed with Simmons's complaint purports to invoke jurisdiction on the basis of a federal question and on the grounds that the U.S. government is a defendant.  (Civil Cover Sheet, attached to Compl.)  However, rather than setting forth a claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, the complaint appears to assert a state law legal malpractice claim.  *Cf. Doug Grant, Inc. v. Great Bay Casino Corp.*, 3 F. Supp. 2d 518, 531 (D.N.J. 1998) (declining to exercise supplemental jurisdiction over legal malpractice claims that did not arise from same set of facts as federal claims).  To the extent that Simmons attempts to state a constitutional claim for ineffective

assistance of counsel, there is no constitutional or statutory right to counsel in a civil case, *Lasko v .Watts*, 373 F. App'x 196, 200 (3d Cir. 2010), and in any event, NNJLS is not an arm of either the federal or New Jersey government.  Rather, it is a private, non-profit organization that receives federal funding pursuant to the Legal Services Act, 42 U.S.C. § 2996f(c).  The mere fact that NNJLS receives federal funding is insufficient to convert its actions into governmental action, s*ee Boyle v. Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71 (3d Cir. 1991), and the complaint does not allege that the conduct of NNJLS is fairly attributable to the state of New Jersey, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  The fact that NNJLS and its officers are not state actors precludes a finding that jurisdiction exists under either 42 U.S.C. § 1983 (providing a cause of action against state actors who commit constitutional torts) or 28 U.S.C. § 1346(a)(2) (vesting in the district courts jurisdiction to hear cases founded on "the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States").

Furthermore, the requirements for diversity jurisdiction are not satisfied.  Section 1332 requires complete diversity and a minimum amount in controversy of $75,000.  28 U.S.C. § 1332.  Simmons's Civil Cover Sheet lists her address as a residence in Jersey City, New Jersey, and both the Cover Sheet and the Complaint state that NNJLS is a resident of Jersey City, as well.  (Civil Cover Sheet).  Additionally, the complaint seeks $50,000 in damages.  As such, the Court does not possess diversity jurisdiction over this action.

For the reasons set forth above, the Court lacks subject matter jurisdiction over this case.  The defendants' motion to dismiss is granted.


Thursday, May 26, 2011              /s/ Katharine S. Hayden
                                    Katharine S. Hayden, U.S.D.J.